# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THE GEORGIA DEPARTMENT OF HUMAN SERVICES, *ex rel. et al.*, <br>    Plaintiffs, <br>              v. <br> COUNT ARTEGOUS BALOM, <br>    Defendant. | Civil Action No. <br> 1:23-cv-01446-SDG |
| CITY OF FITZGERALD, Georgia, <br>    Plaintiff, <br>              v. <br> COUNT ARTEGOUS BALOM, <br>    Defendant. | Civil Action No. <br> 1:23-cv-01447-SDG |

## OPINION AND ORDER

This matter is before the Court on a frivolity review of Defendant Count Artegous Balom's pleadings [1:23-cv-01446-SDG (-1446 Case), ECF 1; 1:23-cv-01447-SDG (-1447), ECF 1] pursuant to 28 U.S.C. § 1915. For the reasons stated below, the cases must be remanded.

**I.      Background**

On April 2, 2023, Balom filed applications for leave to proceed *in forma pauperis* in two cases.[1] United States Magistrate Judge Linda T. Walker granted

---

[1]    -1446, ECF 1; -1447, ECF 1.

Balom in *forma pauperis* status for both applications to allow this Court to review each case for frivolity.[2]

As best as the Court can ascertain from the little information that was provided, Balom removed these cases to collaterally attack a Complaint for Contempt filed against him in the Superior Court of Henry County, Georgia related to his failure to pay child support[3] and to appeal a traffic citation from the Fitzgerald, Georgia Police Department prosecuted in the Municipal Court of Fitzgerald, Georgia.[4]

## II. Legal Standard

An in *forma pauperis* complaint must be dismissed "if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915€(2)(B). The purpose of Section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing

---

[2]  -1446, ECF 2; -1447, ECF 2.

[3]  -1446, ECF 3.

[4]  -1447, ECF 1.

vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), *superseded by statute on other grounds as recognized in Christiansen v. Clarke*, 147 F.3d 655, 658–59 (8th Cir. 1998). A *sua sponte* dismissal by the Court is authorized under Section 1915(e)(2) prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Neitzke*, 490 U.S. at 324.

### III. Discussion

To the extent Balom is seeking to collaterally attack the Complaint for Contempt or appeal the traffic citation, this Court lacks subject matter jurisdiction over these matters, so removal was improper.

    **1.  This Court Lacks Subject Matter Jurisdiction Over These Matters.**

Since Balom is proceeding *pro se*, the Court must construe his pleadings leniently and hold them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998) (holding that "once a *pro se* [in *forma pauperis*] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

The Federal Rules of Civil Procedure require the Court to consider the question of whether it has subject matter jurisdiction to hear a case, regardless of whether the question is raised by the parties. *Wooden v. Bd. of Regents*, 247 F.3d 1262, 1271 (11th Cir. 2001); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Original jurisdiction of the district courts of the United States may be based on an action arising out of the Constitution or laws of the United States (federal question jurisdiction) or diversity of citizenship of the parties (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332. Balom predicated his removal of these cases on diversity jurisdiction.[5] Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "The party wishing to assert diversity jurisdiction bears the burden of establishing that diversity exists." *Duff v. Beaty*, 804 F. Supp. 332, 334 (N.D. Ga. 1992) (citing *Cameron v. Hodges*, 127 U.S. 322 (1888)).

Neither of Balom's removal filings raises a basis for federal question jurisdiction or for diversity jurisdiction. The first case concerns Balom's failure to pay child support, a matter in which state courts maintain jurisdiction.[6] The

---

[5]  -1446, ECF 3, at 1; -1447, ECF 3, at 1.

[6]  -1446, ECF 1.

Supreme Court has recognized that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Alabama v. Huffaker*, 2009 WL 197806, at *4 (S.D. Ala. Jan. 26, 2009) (cleaned up) (quoting *Rose v. Rose*, 481 U.S. 619, 625 (2007)). So, there can be no federal question jurisdiction arising directly from a family law matter. Further, there is no diversity jurisdiction: The amount in controversy does not appear to exceed $75,000, and it is unclear whether the parties possess diverse citizenships.

Similarly, Balom's apparent appeal of a uniform traffic citation does not present a federal question. Indeed, where traffic citations are concerned, other courts have held that "[t]he suggestion that there is federal question jurisdiction over a dispute involving a traffic citation is patently frivolous." *Burditt v. City of Austin Mun. Court*, 2010 WL 2674564 (W.D. Tex. July 2, 2010)). Nor is there diversity jurisdiction: the parties do not appear to possess diverse citizenships and the amount in controversy does not exceed $75,000.

**IV. Conclusion**

The Clerk is **DIRECTED** to **REMAND** Case No. 1:23-cv-01446-SDG to the Superior Court of Henry County, Georgia and Case No. 1:23-cv-01447-SDG to the Municipal Court of Fitzgerald, Georgia.

**SO ORDERED** this 15th day of August, 2023.

Steven D. Grimberg
United States District Court Judge